**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-6681

LAZARO ROSELL,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-89-34-F, CA-96-9-F)

Submitted: January 7, 1997

Decided: February 4, 1997

Before WIDENER, MURNAGHAN, and NIEMEYER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lazaro Rosell, Appellant Pro Se. Charles Edwin Hamilton, III,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Lazaro Rosell appeals the district court's order dismissing his motion under 28 U.S.C. § 2255 (1994), <u>amended by</u> Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. We affirm.

A jury convicted Rosell of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846 (1994). Rosell appealed the conviction to this court, which affirmed the district court. <u>United States v. Rosell</u>, No. 90-5208 (4th Cir. Apr. 2, 1991) (unpublished). Rosell then filed this § 2255 motion raising the following claims:

> (1) The Government violated Rosell's due process rights by illegally altering the indictment;
>
> (2) the district court improperly sentenced Rosell under the United States Sentencing Guidelines ("USSG"),* because they were not in effect at the time of his offense, and the district court improperly imposed supervised release;
>
> (3) Rosell received ineffective assistance of counsel because counsel failed to prepare for the sentencing hearing and failed to point out to the court that Rosell should not have been sentenced under the USSG; and
>
> (4) Rosell's sentence violated the Ex Post Facto Clause of the Constitution.

We find that Rosell is not entitled to relief on any of his allegations. Rosell's first claim is waived under Fed. R. Crim. P. 12(b)(2) and (f), which states that any "defense or objections based on defects in the

_____

*United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1989). Rosell was sentenced in August 1990.

2

indictment" must be raised prior to trial and failure to raise such defenses or objections constitutes a waiver. Rosell's second claim also fails. His claim that he was improperly sentenced under the USSG is a nonconstitutional claim not raised on appeal and is therefore not properly raised in this collateral proceeding. Stone v. Powell, 428 U.S. 465, 477 n.10 (1976). His claim that supervised release is improper under § 846 fails because § 846 was amended in 1988 to allow for terms of supervised release. United States v. Montoya, 891 F.2d 1273, 1293 n.25 (7th Cir. 1989). Rosell's third claim is meritless because Rosell failed to establish that his attorney's performance fell below a reasonable standard of effectiveness or that he was prejudiced by his attorney's performance in any way. Strickland v. Washington, 466 U.S. 668 (1984). Finally, Rosell's fourth claim fails because this Court has held that the application of the USSG to a "straddle conspiracy," as this one was, does not violate the Ex Post Facto Clause. United States v. Meitinger, 901 F.2d 27, 28 (4th Cir. 1990).

Accordingly, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3